[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This is a malpractice action brought by Robert Robbins, Executor of the Estate of Joan Robbins, who died testate on April 14, 1994. The plaintiffs alleges negligence on the part the defendants in their treatment of the decedent. This malpractice action has a return date of August 29, 1995. The case is assigned CT Page 14749 for trial on November 12, 1999. In interrogatories dated September 5, 1995, the defendant's requested the plaintiff to disclose all experts whom they expect to use at trial. By answer dated August 12, 1996, the plaintiffs responded "no decision has yet been made regarding a trial expert." That answer has never been updated or supplemented and no expert has been disclosed to date pursuant to the interrogatory request. Per scheduling order entered on April 19, 1999, the plaintiff was given until July 1, 1999, to disclose experts. No experts have as yet been disclosed by the plaintiff.
The defendants filed a Motion to Preclude disclosure and use of expert witnesses by the plaintiff outlining the above facts and pointing out that it has been almost four (4). years to the date of the motion since the return date. The defendants alleged that it would be unfair, unjust and prejudicial to the defendants to allow the plaintiffs' to disclose and use expert witnesses under these circumstances. This motion was filed on July 12, 1999, and was granted by Judge Stengel on August 30, 1999.
A Motion for Leave to File a Motion for Summary Judgment has been filed by each defendant and each has filed a Motion for Summary Judgment. The defendant, Ralph Giarnella, also moves for summary judgment based on the statute of limitations and the statute of repose, Section 52-555. Both defendants have submitted memoranda of law in support of their motions. Dr. Leach has submitted as an exhibit a transcript of his deposition detailing the care and treatment that he rendered to the plaintiff decedent. The plaintiff has submitted no memoranda of law nor has he submitted any affidavits or any other evidence.
With rare exceptions, none of which are applicable here, it is settled law in Connecticut that the plaintiff in a medical malpractice action must establish through expert testimony the standard of care governing the facts and circumstances of the case and that the defendant's conduct deviated from the standard of care. He must also prove the proximate causation, if at all, by expert testimony. Defendants claim that in the absence of expert testimony the plaintiffs are unable to prove a genuine issue as to any material fact and a summary judgment should enter in their favor.
At a hearing on this motion, the plaintiffs' counsel appeared and argued that only the trial judge has the jurisdiction to preclude further testimony by expert witnesses under such CT Page 14750 circumstances as exist in this case. He also emphasized that portion of Section 13-4 (4) of the Connecticut Practice Book referring to disclosure to all other parties "within a reasonable time prior to trial", maintaining that the possibility exists that extensions could be granted and the disclosures made within a reasonable time.
If the position taken by the plaintiff were correct that only the trial judge could rule with respect to late disclosure of expert witnesses, there would be no point to that portion of the quoted section of the Practice Book which provides that the judicial authority may preclude such testimony if he determines that the late disclosure will cause undue prejudice to the moving party. The whole section is devoted to action taken before trial or a trial judge designation.
To rely upon an extension of time and delay in the trial at this late date would, in the opinion of this court, not only cause undue prejudice to the moving party but would cause undue interference with the orderly progress of the trial. Plaintiffs' arguments are without merit. In the light of the facts of this case and of applicable law cited by both defendants, this court finds that it has no choice but to grant the summary judgment requested by the defendants. Judgment may enter in favor of the defendants. Judgment may also enter for defendant, Giarnella, on the basis of the expiration of the statute of limitations.
Hale, JTR